# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

MELANIE JEROZAL,

    **Plaintiff,**

v.                                **Case No.:**

CITY OF KISSIMMEE FIRE DEPARTMENT,       6:15-CV-117-ORL-18-TBS

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MELANIE JEROZAL, files this Complaint against Defendant, CITY OF KISSIMMEE FIRE DEPARTMENT, and states:

## NATURE OF THE CLAIMS

1.    This is an action for damages, injunctive relief, and declaratory relief against Defendant to address the deprivation of rights secured by the Florida Civil Rights Act ("FCRA"), and Title VII of the Civil Rights Act of 1964 ("Title VII").

## JURISDICTION

2.    This Court has jurisdiction over Plaintiff's federal claims because they arise under federal law, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## VENUE

3.    Venue is proper because this Judicial District is the location where Defendant operates its facilities for business and is where the unlawful employment practices detailed below occurred.

## THE PARTIES

4.     At all times material hereto, Plaintiff was a resident of the State of Florida. Plaintiff was and is a protected employee under the FCRA and Title VII.

5.     Defendant is organized under the laws of the State of Florida and registered and licensed to do business in Florida.

6.     At all times material hereto Defendant transacted business and performed services in this Judicial District.

7.     Defendant was Plaintiff's employer within the scope of the FCRA and Title VII.

8.     Plaintiff has satisfied all conditions precedent to filing this action.  Plaintiff has satisfied all conditions precedent, including exhausting all administrative prerequisites.  More than 180 days have passed without the FCHR issuing a determination on the charge as to Plaintiff's FCRA claims.  Furthermore, less than 90 days have passed since the Department of Justice issued Plaintiff her right to sue letter on her Title VII claims.

## STATEMENT OF FACTS

9.     Plaintiff is a 33 year-old white female and, as such, is in a protected class.

10.     Plaintiff worked for Defendant as a firefighter/paramedic from approximately May of 2013 through early October of 2013.

11.     At the time of her hire, Plaintiff was the only female firefighter/paramedic on B shift at Station 13.

12.     In fact, Plaintiff was only one of two female firefighter/paramedic at Station 13. During Plaintiff's employment with Defendant, Plaintiff was subjected to illegal discrimination and pervasive harassment because of her gender, and to retaliation after she reported the issue to

Defendant. Specifically, Plaintiff's preceptor, Daniel Hayslip, engaged in a pattern and practice of gender discrimination he hoped would force Plaintiff to quit.

13.     Because she refused to quit, Defendant fired Plaintiff because of her gender and because she engaged in multiple instances of protected activity.

14.     For example, Mr. Hayslip, who as Plaintiff's "precept" was supposed to be Plaintiff's mentor, told other male firefighters that he hoped "Plaintiff would fail," and also stated that "ever since she's come to the station it has not been the same."

15.     Mr. Hayslip also consistently gave Plaintiff unwarranted low evaluations to ensure she would not pass certain tests. Plaintiff reported Mr. Hayslip's discriminatory behavior and comments to Defendant, including to Lieutenant Gentry.

16.     After she reported the gender discrimination to which she was subjected, Plaintiff was warned by Defendant not to keep pressing the issue because Defendant wanted to keep her complaints regarding gender discrimination "in house."

17.     Once Mr. Hayslip learned that Plaintiff had reported Mr. Hayslip's illegal and discriminatory conduct to Defendant, Mr. Hayslip began retaliating against Plaintiff, including by giving her failing grades on certain activities he was responsible for evaluating her on. On September 19, 2013 Mr. Hayslip belittled Plaintiff for unwarranted reasons in front of another fire crew. Plaintiff again complained to Defendant about Mr. Hayslip. Plaintiff was again warned by Defendant to "drop it." Eventually, on about October 10, 2013 Defendant terminated Plaintiff because of her gender, and because she engaged in a protected activity.

18.     Defendant's reasons for Plaintiff's illegal termination are pretextual.

## COUNT I—FCRA VIOLATION
### (Gender Discrimination)

19.     Plaintiff re-alleges and re-adopts paragraphs 1 through 18 of this Complaint as if fully set forth herein.

20.     The foregoing actions of Defendant constitute gender discrimination against Plaintiff in violation of the FCRA.

21.     As a female, Plaintiff is a member of a protected class.

22.     Plaintiff was qualified for her position.

23.     Plaintiff was injured due to Defendant's violations of the FCRA, including but not limited to her termination, being subjected to lower pay, and less favorable job assignments and working conditions in comparison to similarly-situated male employees.

24.     Plaintiff is entitled to legal and injunctive relief as a result of Defendant's actions.

**WHEREFORE,** Plaintiff demands:

(a) An injunction restraining continued violation of the FCRA;

(b) Compensation for lost wages, benefits, and other remuneration;

(c) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(d) Compensatory damages, including emotional distress, allowable at law;

(e) Punitive damages;

(f) Prejudgment interest on all monetary recovery obtained;

(g) All costs and attorney's fees incurred in prosecuting these claims; and

(h) For such further relief as the Court deems just and equitable.

## COUNT II—FCRA VIOLATION
**(Retaliation)**

25.     Plaintiff re-alleges and re-adopts paragraphs 1 through 18 of this Complaint as if fully set forth herein.

26.     The foregoing actions of Defendant constitute retaliation against Plaintiff based upon Plaintiff's protected activities in violation of the FCRA.

27.     Defendant's actions were willful and done with malice.

28.     The retaliation described herein was based on Plaintiff's exercise of rights protected by law to resist and oppose unlawful discrimination and/or harassment.

29.     Plaintiff was injured due to Defendant's violations of the FCRA, including but not limited to losing her job, to which Plaintiff is entitled to legal and injunctive relief.

30.     Plaintiff is entitled to legal and injunctive relief as a result of Defendant's actions.

**WHEREFORE**, Plaintiff demands:

(a) An injunction restraining continued violation of the FCRA;

(b) Compensation for lost wages, benefits, and other remuneration;

(c) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(d) Compensatory damages, including emotional distress, allowable at law;

(e) Punitive damages;

(f) Prejudgment interest on all monetary recovery obtained;

(g) All costs and attorney's fees incurred in prosecuting these claims; and

(h) For such further relief as the Court deems just and equitable.

## COUNT III — TITLE VII VIOLATION
### (Gender Discrimination)

31.     Plaintiff re-alleges and re-adopts the allegations set forth in Paragraphs 1 through 18 of this Complaint as though fully set forth herein.

32.     Plaintiff belongs to a protected group.

33.     Plaintiff was subjected to disparate treatment based on her sex.

34.     Defendant's actions were willful and done with malice.

35.     Plaintiff was injured due to Defendant's violations of Title VII, including but not limited to her discharge, actions for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE,** Plaintiff demands:

(a) An injunction restraining continued violation of the Title VII;

(b) Compensation for lost wages, benefits, and other remuneration;

(c) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(d) Compensatory damages, including emotional distress, allowable at law;

(e) Punitive damages;

(f) Prejudgment interest on all monetary recovery obtained;

(g) All costs and attorney's fees incurred in prosecuting these claims; and

(h) For such further relief as the Court deems just and equitable.

## COUNT IV — Title VII Violation
### (Retaliation)

36.     Plaintiff re-alleges and re-adopts the allegations set forth in Paragraphs 1 through 18 of this Complaint as though fully set forth herein.

37.     The foregoing actions of Defendant constitute retaliation against Plaintiff based

upon Plaintiff's protected activities in violation of Title VII.

38.     Defendant's actions were willful and done with malice.

39.     The retaliation described herein occurred as a result of Plaintiff's attempts to exercise her rights protected by law to resist and oppose unlawful discrimination.

40.     Plaintiff was injured due to Defendant's violations of Title VII, including but not limited to her discharge, actions for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) An injunction restraining continued violation of Title VII;

(b) Compensation for lost wages, benefits, and other remuneration;

(c) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(d) Compensatory damages, including emotional distress, allowable at law;

(e) Punitive damages;

(f) Prejudgment interest on all monetary recovery obtained;

(g) All costs and attorney's fees incurred in prosecuting these claims; and

(h) For such further relief as the Court deems just and equitable.

## DEMAND FOR A JURY TRIAL

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated this _23rd_ day of January, 2015.

Respectfully Submitted,

**BRANDON J. HILL**
Florida Bar No. 37061
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue, Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Direct Dial: 813-379-2565
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: jriley@wflcaw.com
**Attorney for Plaintiff**