UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MELANIE JEROZAL,

    Plaintiff,

v.                                       Case No:   6:15-cv-117-Orl-41TBS

CITY OF KISSIMMEE,

    Defendant.

## ORDER

This case is before the Court on Plaintiff's Unopposed Motion for Two Day Extension of Time for Plaintiff to Respond to Defendant's [sic] for Summary Judgment (Doc. 33). On January 4, 2016, Defendant filed its motion for summary judgment (Doc. 27).[1] Plaintiff's response to the motion was due no later than February 3 (Doc. 19 at 6). On January 5, Plaintiff filed a motion for a one week extension of time, to February 10, to respond to the motion (Doc. 29). As grounds, Plaintiff stated "additional time is needed to afford the Parties the opportunity to fully explore a potential resolution at mediation prior to spending a considerable amount of time and resources on Plaintiff's opposition brief." (Doc. 29, ¶ 5). Plaintiff's attorney represented to the Court that "if no agreement is reached at mediation, this short extension will still provide the undersigned with sufficient time to complete a substantive response to Defendant's Motion." (Id., ¶ 6). Then, Plaintiff's attorney reiterated that "the enlargement will provide Plaintiff's counsel

---

[1] This Order does not address Defendant's amended motion for summary judgment (Doc. 31), because it is not mentioned in Plaintiff's motion.

with adequate time to prepare a comprehensive response to Defendant's Motion." (Id., at 2).

All parties have been on notice since the entry of the Case Management and Scheduling Order that:

> **Dispositive Motions Deadline and Trial Not Extended** – Motions to extend the dispositive motions deadline or to continue the trial are generally denied. *See* Local Rule 3.05(c)(2)(E). The Court will grant an exception only when necessary to prevent manifest injustice. A motion for a continuance of the trial is subject to denial if it fails to comply with Local Rule 3.09. The Court cannot extend a dispositive motion deadline to the eve of trial. In light of the district court's heavy felony trial calendar, at least 3 1/2 months are required before trial to receive memoranda in opposition to a motion for summary judgment, and to research and resolve the dispositive motion sufficiently in advance of trial.

(Doc. 19 at 4).

The Court granted Plaintiff's motion for extension of time and said in its Order: "No additional extensions of time will be granted unless necessary to prevent manifest injustice." (Doc. 30). Now, Plaintiff's attorney seeks an additional two day extension "to process and analyze the numerous deposition transcripts, and because of several other pre-existing deadlines and commitments in other matters, including depositions and substantive motion deadlines." (Doc. 33, ¶ 4). The Court is unable to reconcile this statement with counsel's previous representation that a one week extension would give him adequate time to prepare a response to the motion for summary judgment. And, the grounds stated in the pending motion do not persuade the Court that a further extension of time is required to prevent manifest injustice. Therefore, the motion for an additional two day extension of time is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on February 4, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record